## Strasburg Borough, Plff. in Err., *v.* Jacob Bachman.

A borough ordinance which provides that the street committee may enter upon any lot in the borough and cut drains thereon to take water from the streets and highways, and imposing a penalty upon any lot owner who shall close or obstruct such drains, but which does not provide for the payment of damages to private property invaded thereunder, is (there being no provision in any act of assembly on which the ordinance is founded, for the ascertainment and prepayment of such damages) obnoxious to § 8 of article 16 of the Constitution of 1874, and therefore void.

(Argued May 17, 1887.    Decided April 30, 1888.)

July Term, 1887, No. 258, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, and CLARK, JJ.    Error to the Common Pleas of Lancaster County to review a judgment in favor of the defendant in an action to recover a penalty under a borough ordinance, August Term, 1885, No. 34.    Affirmed.

The action was brought by the borough, before a justice of the peace, against a lot owner within the borough, to recover a penalty for stopping a drain on his premises.

NOTE.—The act of May 16, 1891 (P. L. 75), amended by the act of June 12, 1893 (P. L. 459), gave authority to boroughs to take land for sewers, ditches, and drains. To take advantage of this legislation, its provisions for the assessment of damages must be pursued. Strohl v. Ephrata, 178 Pa. 50, 35 Atl. 713.

"The constitutional provision that private property shall not be taken for public use without compensation applies with full force to proceedings to acquire a right of way for a sewer or drainage ditch; and it is immaterial that the easement only is to be taken, or that the right of way is across the property of a railroad company or other public service corporation." Farnham, Waters, p. 1065.

The borough ordinance on which the action was based was enacted on November 5, 1883, and is as follows:

## Ordinance.

"Sec. 4. It shall be lawful for the street committee, or any person by their order or direction, to enter upon any lot or lands adjoining to or lying near the streets, lanes, alleys, and highways of the borough, and to cut and open such drains or ditches through the same as they shall judge necessary completely to carry off and drain the water from such streets, lanes, alleys, and highways, or any or either of them, and to keep them clean and in good order; which drains and ditches so cut and opened by said street committee, or by their order and direction, shall not be stopped or filled up or obstructed by the owner or owners of such lots or lands; and if the owner or owners of such lots or lands, or any other person, shall stop or fill up or obstruct any such drain or ditch, or any breaker made in any of the said streets, lanes, alleys, or highways, for the purpose of turning off the water, he, she, or they shall pay a fine for every such offense of not less than $3 nor more than $10, to be collected in the same manner as debts of a like amount are recoverable by law."

The justice rendered judgment in favor of the borough for $4 penalty, and costs; whereupon the defendant appealed to the common pleas, where a verdict was directed for the defendant on the ground that the ordinance was unconstitutional.

Section 8 of article 16 of the Constitution of 1874 provides that "municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured, or destroyed by the construction or enlargement of their works, highways, or improvements; which compensation shall be paid or secured before such taking, injury, or destruction."

*Benj. F. Davis,* for plaintiff in error.—The ordinance upon which suit is brought was held to be unconstitutional, because it made no provision for the payment of damages. The same objection was raised in regard to an act of assembly in East Union Twp. v. Comrey, 100 Pa. 362. The supreme court in that case, referring to the objection, said: "But it does not follow that the act is therefore unconstitutional." Further, "besides this,

the act of 29th of May, 1840, in express terms extends the 7th, 8th, and 9th sections of the act of 15th of June, 1836, to all claims for damages resulting from the opening of roads, under the provisions of any special act of assembly, where the same is not otherwise provided for. But even this act was said, in the case of *Re* Sharett's Road, 8 Pa. 89, to have been passed *ex majore cautela*, for that, without this provision the act of 1836 applied to the cases therein recited." See also Smedley v. Erwin, 51 Pa. 445.

The ordinance in dispute is simply an expression, or almost repetition, of §§ 32 and 67 of the said act of 1836, the general road law of the state, which is in full force and its constitutionality unquestioned.

The compensation which is secured by the Constitution of 1874, for consequential injury to real estate occasioned by the improvement of highways by borough authorities, is provided for by act of 1878 (P. L. 129). White v. McKeesport, 101 Pa. 394.

The ordinance must be founded upon charter or statute. 1 Dill. Mun. Corp. 258.

The act of assembly being constitutional, the ordinance following it must also be constitutional. Had no specific remedy been given in this act, this would have been an indictable offense in the quarter sessions. Com. *ex rel.* Johnson v. Betts, 76 Pa. 470; Gearhart v. Dixon, 1 Pa. St. 228.

Possibly an indictment would lie at all events. See Wood v. Com. 12 Serg. & R. 213–217.

If, therefore, it is a criminal offense to stop up, etc., a drain leading from a public road or street, the question of damages could not arise, and, therefore, the ordinance in question cannot be unconstitutional for the reason that it made no special provision for the payment of damages.

For obstructing a drain, the only question under the general road law is whether defendant did the act complained of; he can raise no other issue. Meeker v. Com. 42 Pa. 283.

By parity of reasoning, that is the only question that can arise here, and the question of damages cannot be considered.

The object of the ordinance is simply to keep the streets in good repair, and for that purpose drains may be made to the adjoining lands, that being an easement to which they are subject; and the assessment of damages for opening a street or road,

the right to make such drains being incidental to the opening, compensation is made for the same in the original assessment of damages. Cone v. Hartford, 28 Conn. 372, 373; West v. Bancroft, 32 Vt. 367; Kelsey v. King, 32 Barb. 410; Plant v. Long Island R. Co. 10 Barb. 26; Angell, Highways, § 312.

The drain in question was merely to carry off surface water from falling rain or melting snow, without making any change in the grade or elevation of the street, for which, in ordinary cases like the present, there are no damages; therefore, no method of compensation need be provided for in the ordinance. See Waters v. Bay View, 61 Wis. 644, 21 N. E. 811; Young v. Leedom, 67 Pa. 351; Turner v. Dartmouth, 13 Allen, 291; Benden v. Nashua, 17 N. H. 477; Evansville v. Decker, 84 Ind. 325, 43 Am. Rep. 86.

Where there is change of grade in the street, remedies for damages are provided. Act of Assembly (P. L. 1856, 525; 1878, 129).

*Marriott Brosius,* for defendant in error.—By Const. 1874, art. 16, § 8, compensation for consequential as well as other damages is enjoined. Pusey v. Allegheny, 98 Pa. 522; Reading v. Althouse, 93 Pa. 400.

The exercise of any powers by municipal or other corporations is subject to this injunction of the Constitution. Goulden v. City, 3 Lanc. L. Rev. 340; Pusey v. Allegheny, 98 Pa. 522; Kneedler v. Norristown, 100 Pa. 368, 45 Am. Rep. 384; Verona's Appeal, 108 Pa. 83.

Any addition of water or earth put upon a man's land for a public purpose, which impairs its usefulness and diminishes its value, is a "taking" within the meaning of the Constitution. 2 Dill. Mun. Corp. §§ 991, 996; Gould, Waters, § 243, p. 429.

Section 67 of the road law of 1836 has no application to boroughs; and, if it ever had, it must yield to § 8 of article 16 of the Constitution of 1874. See Ward v. Peck, 49 N. J. L. 42, 6 Atl. 805.

PER CURIAM:

It is very clear to us, as it seems to have been to the court below, that the ordinance in question must be regarded as invalid. It was passed on the 5th of November, 1883, and provides that it shall be lawful for the street committee, or any person acting

under their authority or direction, to enter upon any lot, etc., of the borough, for the purpose of cutting or opening drains and ditches, and for the purpose also of keeping them in repair.    As no provision has been made by any act of assembly on which this ordinance is founded, for the ascertainment and prepayment of damages to the owner of the property thus to be invaded, anyone entering under the authority of the ordinance must be regarded as a mere trespasser, and his work unlawful.    It follows that the said ordinance was passed without legal warrant, and the penalty provided thereby is void and of no effect.

The judgment is affirmed.